```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
JAIME ENRIQUE ROMERO-PADILLA,           :    13 Civ. 3703 (DLC)
                                        :    05 Cr. 1262 (DLC)
                    Petitioner,         :
                                        :
            -v-                         :    OPINION AND ORDER
                                        :
UNITED STATES OF AMERICA,               :
                                        :
                    Respondent.         :
                                        :
----------------------------------------X
```

APPEARANCES

For the Petitioner:

Jaime Enrique Romero-Padilla, pro se
No. 60177-054
Safford Correctional Institution
P.O. Box 9000
Safford, AZ 85546


For the Respondent:

Marc P. Berger
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007


DENISE COTE, District Judge:

　　On May 24, 2013, Jaime Enrique Romero-Padilla ("Romero-Padilla"), proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2255 for a writ of habeas corpus. In 2008, a jury convicted Romero-Padilla on two counts of violating the country's narcotics laws; he was sentenced principally to 180

months in prison.  After exhausting his appeals before the Court of Appeals and the Supreme Court, Romero-Padilla now asserts in his § 2255 petition that his defense counsel provided ineffective assistance of counsel to him by failing to object to alleged trial errors and by failing to advise him that he would receive a longer sentence if he did not accept the Government's plea offer.  For the following reasons, his petition is denied.

BACKGROUND

On March 21, 2006, a grand jury indicted Romero-Padilla and six other individuals (1) for conspiring to manufacture or distribute five kilograms or more of cocaine with the intent that the cocaine be unlawfully imported into the United States, in violation of 21 U.S.C. § 963; and (2) with the substantive offense of manufacturing or distributing five kilograms or more of cocaine with the knowledge or intent that the cocaine would be unlawfully imported to the United States, in violation of 21 U.S.C. § 959.  The indictment alleged that Romero-Padilla, who was an anti-narcotics officer in the Colombian National Police, participated in a scheme to transport cocaine from Colombia to Mexico, with the knowledge that the cocaine would later be imported into the United States.

All of Romero-Padilla's co-conspirators decided to plead guilty.  Only Romero-Padilla went to trial.  His trial commenced

2

on February 5, 2008.

At the trial, three of Romero-Padilla's co-conspirators testified against him, as did two police officers who had dealt with him as undercover agents. The jury also heard wiretap recordings of Romero-Padilla and his alleged co-conspirators and saw surveillance videos that showed him with the alleged co-conspirators. After deliberating for three hours, the jury returned a verdict finding Romero-Padilla guilty on both counts. On June 13, 2008, Romero-Padilla was sentenced principally to 180 months' imprisonment.

On June 18, 2008, Romero-Padilla appealed his conviction, which was affirmed on October 7, 2009. United States v. Romero-Padilla, 583 F.3d 126 (2d Cir. 2009). Romero-Padilla then filed a petition for a writ of certiorari with the Supreme Court. On January 25, 2010, the petition was denied. Romero-Padilla v. United States, No. 09-8085, 559 U.S. 930 (2010).

On January 25, 2013, a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 was docketed. This petition, however, did not assert any substantive grounds for relief. Rather, the petition's only contention was that Romero-Padilla was entitled to an extension of the deadline for filing a § 2255 petition because his defense counsel failed for thirty months to inform him that his conviction had become final on direct review.

In an Order of February 11, Romero-Padilla's petition was dismissed. Citing <u>Green v. United States</u>, 260 F.3d 78, 82 (2d Cir. 2001), the Order explained that a district court lacks jurisdiction to consider a petition that does not contain allegations supporting a claim for relief under § 2255. The timeliness of any § 2255 petition Romero-Padilla chooses to file containing allegations that support a claim for relief would be considered in due course.

On May 24, Romero-Padilla's instant petition was docketed. It asserts four grounds for relief, all of which are based on claims on ineffective assistance of counsel. The first two grounds allege that Romero-Padilla's defense counsel was ineffective for failing to inform him that his judgment became final in January 2010. Romero-Padilla attaches a declaration by his defense counsel in which she states that, in November 2009, she wrote to Romero-Padilla to advise him that she would be filing a petition for a writ of certiorari and further advising that if the petition were denied, he would have one year to file his habeas petition under 28 U.S.C. § 2255. She further informed him that, if this were necessary, she would send him information on how he should proceed with the § 2255 petition. She declares that, subsequent to the Supreme Court's denial of his petition in January 2010, she does not believe that she informed Romero-Padilla either of the Supreme Court's decision

4

or the subsequent steps he should take in light of that decision. In June 2012, she received a telephone call from a representative of the Colombian consulate asking, on behalf of Romero-Padilla, for an update on his petition. Only then did she advise Romero-Padilla that his petition had been denied.

The remaining two grounds in the § 2255 petition allege that defense counsel was ineffective by (1) failing to object to three alleged trial errors and (2) failing to advise him that he would receive a longer sentence if he did not accept the Government's plea offer. Romero-Padilla states that, if he had known the maximum sentence to which he was exposed following a conviction at trial, he would have accepted the Government's plea offer. Romero-Padilla does not include a sworn affidavit in support of these claims, nor does he describe the terms of the Government's plea offer.

By Order of July 15, having determined that Romero-Padilla's petition should not be summarily dismissed as being without merit, the Government was ordered to respond to the petition. That petition was fully submitted on October 18.

DISCUSSION

Romero-Padilla's petition must be denied for two reasons. First, because the petition was filed more than a year after the one-year statute of limitations for the filing of habeas

petitions and because Romero-Padilla has failed to demonstrate a basis for equitable tolling, the petition is untimely.  Second, Romero-Padilla's arguments fail on the merits.  Romero-Padilla brings multiple claims of ineffective assistance of counsel but has not carried his burden to prevail on such claims.

I. Timeliness of Romero-Padilla's Petition

AEDPA provides a one-year period of limitations for a federal inmate to file a habeas petition under 28 U.S.C. § 2255, which begins to run from the latest of a number of triggering events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).  Romero-Padilla's judgment became final on January 25, 2010, the date on which the Supreme Court denied the petition for a writ of certiorari.  Clay v. United States, 537 U.S. 522, 527 (2003).  Accordingly, his time to file a habeas petition expired on January 25, 2011.  At the earliest, Romero-Padilla's petition was not docketed until January 25, 2013 –- two years after the statute of limitations had run.

The one-year limitations period for § 2255 petitions may be equitably tolled "where the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely

filing." Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).  The determination that circumstances faced by petitioner were "extraordinary" "depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the petitioner endeavoring to comply with AEDPA's limitations period."  Id. (citation omitted).

As a general matter, "a garden variety claim of excusable neglect such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland, 560 U.S. at 651-52 (citation omitted).  The same principle "fully applies to other forms of attorney negligence . . . for example, an attorney could compute the deadline correctly but forget to file the habeas petition on time, mail the petition to the wrong address, or fail to do the requisite research to determine the applicable deadline." Id. at 657 (Alito, J., concurring in part and concurring in the judgment); see Maples v. Thomas, 132 S. Ct. 912, 923 (2012) (adopting the distinction set forth in Justice Alito's opinion in Holland). "[I]n order to rise to the level necessary to constitute an 'extraordinary circumstance,' for purposes of tolling § 2254's limitation period, attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client

7

relationship." Rivas, 687 F.3d at 538 (citation omitted); see also Maples, 132 S. Ct. at 923 (recognizing an "essential difference" between egregious "attorney error" and attorney abandonment). In this Circuit, attorney conduct has been deemed "so outrageous or incompetent as to amount to an abandonment of the attorney-client relationship" when the attorney "ignored or contravened [his client's] express instructions." Rivas, 687 F.3d at 539.

Furthermore, "a petitioner seeking equitable tolling of AEDPA's limitations period must demonstrate that he acted with reasonable diligence throughout the period he seeks to toll." Harper v. Ercole, 648 F.3d 132, 138 (2d Cir. 2011) (citation omitted). "This standard calls for reasonable diligence, not maximum feasible diligence, which a petitioner may satisfy by showing that he acted as diligently as reasonably could have been expected under the circumstances." Id. at 138-39 (citation and emphasis omitted). This is "[c]onsistent with the maxim that equity aids the vigilant." Id. at 138.

Romero-Padilla can demonstrate neither an extraordinary circumstance nor reasonable diligence. His defense counsel's error in failing to inform him of the Supreme Court's decision denying his petition for a writ of certiorari certainly reflected negligence, but this error is akin to the types of negligent acts -- e.g., miscalculating a deadline, mailing a

8

petition to the wrong address -- that do not rise to the level of "effective abandonment of the attorney-client relationship." <u>Rivas</u>, 687 F.3d at 538 (citation omitted).  Nor is there any evidence or allegation that defense counsel "ignored or contravened" Romero-Padilla's instructions, which is the general criterion by which an "extraordinary circumstance" has been found in the past.  <u>Id.</u> at 539.  Accordingly, Romero-Padilla has failed to establish the existence of an "extraordinary circumstance" that warrants equitable tolling.

Further, Romero-Padilla was not diligent, as it could reasonably be expected that a prisoner in his circumstances should have discovered the Supreme Court's decision sometime between January 2010 until July 2012.  <u>Certiorari</u> denials are published, and the Government has submitted an exhibit showing that the Federal Bureau of Prisons electronic law library provides online access to multiple reporters of the Supreme Court.  Additionally, Romero-Padilla could have contacted his counsel anytime between June 2010 and July 2012 to inquire regarding the status of his petition.  That his counsel was ultimately alerted through a third-party suggests that Romero-Padilla had stopped communicating with his own attorney.  Given Romero-Padilla's lack of vigilance, an equitable remedy is not warranted here.

Romero-Padilla's single response does not alter this

conclusion.  In his reply, Romero-Padilla argues that, because he informed his defense counsel that he wanted to know the status of his petition for certiorari, defense counsel abandoned her duty under the Sixth Amendment by failing to notify him of the denial of his petition.  Merely describing an attorney's act as "abandonment" does not make it so.  The conduct of Romero-Padilla's defense counsel was ordinary negligence, and does not warrant equitable tolling.  Any other conclusion would undermine the Supreme Court's statement that there is an "essential difference" between egregious "attorney error" and attorney abandonment sufficient to warrant equitable tolling.  See Maples, 132 S. Ct. at 923.  In any event, because Romero-Padilla does not defend the diligence of his conduct between January 2010 and June 2012, that issue independently disposes of his claim to equitable tolling.  Thus his petition is untimely and must be denied.

II. Merits of Romero-Padilla's Petition

Notwithstanding the petition's untimeliness, this Court briefly reaches the merits of the petition. Because only the third and fourth claims set forth in the habeas petition set forth substantive grounds for relief from the judgment, only these claims are addressed here. Both claims relate to acts of alleged ineffective assistance of counsel.

The standard for an ineffective assistance of counsel claim is well settled:

> In order to succeed on a claim of ineffective assistance of counsel, a claimant must meet the two-pronged test established by [Strickland v. Washington, 466 U.S. 668 (1984)]: (1) he must show that counsel's performance was deficient, so deficient that, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance; and (2) he must show that the deficient performance prejudiced the defense, in the sense that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013) (citation omitted). "The [ineffectiveness] claim must be rejected if the defendant fails to meet either the performance prong or the prejudice prong." Id. (citation omitted).

The petitioner faces a "highly demanding" burden in meeting the Strickland standard. Bennett v. United States, 663 F.3d 71, 85 (2d Cir. 2011). The performance inquiry requires showing that "counsel made errors so serious that counsel was not

functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (quoting Strickland, 466 U.S. at 687). This requires a petitioner to overcome the "strong presumption that counsel's representation was within the wide range of reasonable professional assistance." Id.

In making the prejudice determination, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695 (emphasis added). "Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id. at 696.

Furthermore, "[w]ith respect to a claim that counsel's ineffective assistance led to the rejection of a plea offer that, properly informed, would have been accepted, a petitioner seeking a hearing must proffer arguably credible evidence of a prima facie case that, but for counsel's improper advice, the petitioner would have accepted the plea offer." Puglisi v. United States, 586 F.3d 209, 215 (2d Cir. 2009). What constitutes prima facie evidence has been strictly construed. While "[p]rima facie evidence may include a petitioner's own

12

statement [that but for counsel's improper advice, the petitioner would have accepted the plea offer]," Raysor v. United States, 647 F.3d 491, 495 (2d Cir. 2011), it must be a "sworn statement," Puglisi, 586 F.3d at 215.  That is, the "statement regarding intent must be directly attributable to the habeas petitioner, whether it be through sworn testimony in the main proceeding or a sworn affidavit in support of the motion." Id. at 217.  Additionally, while "a significant sentencing disparity" constitutes "objective evidence" "that supports an inference that the petitioner would have accepted the proposed plea offer if properly advised," Raysor, 647 F.3d at 495, the petitioner must "produce[] or identif[y] evidence sufficient to show, or permit an inference of, a significant disparity between the terms of a plea offer and his ultimate sentence exposure after a trial conviction." Puglisi, 586 F.3d at 217 (citing, inter alia, United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998) (per curiam)).  This generally requires some "factual specificity" regarding the plea "agreement, [the] appellant's supposed understanding of its terms, and whether it required cooperation."  Id. at 218.

In his third claim for relief (and his first substantive claim), Romero-Padilla alleges that his defense counsel was ineffective for failing to object to the following: (1) the Government's drug expert, Mark Eiler ("Eiler"), who made

13

references to the cocaine as "Mexican cocaine" and "Columbian cocaine," which Romero-Padilla alleges were impermissible and deprived him of a fair trial; (2) the Government's references to Romero-Padilla's race during summation; and (3) the trial judge's failure to give a jury instruction not to consider Romero-Padilla's ethnicity.  The second and third instances are frivolous claims, and unsurprisingly Romero-Padilla abandons them in his reply.  The Government did not refer to the defendant's race in its summation, and the charge did instruct the jury that it would be "improper" to consider the defendant's race or national origin.  Accordingly, only the first alleged failure to object is before this Court.

Romero-Padilla cannot demonstrate prejudice from his counsel's alleged failure to object to Eiler's testimony.  Even if defense counsel had objected and even if this Court had struck all references to "Mexican cocaine" and "Colombian cocaine" from Eiler's testimony, the evidence at trial was overwhelming in favor of Romero-Padilla's guilt.  Romero-Padilla's own co-conspirators testified against him, as did two undercover police officers.  There was significant wiretap and video evidence.  The jury deliberated for approximately three hours.  There is no reasonable probability that the jury would have reached any other conclusion than guilt.

Romero-Padilla devotes a significant portion of his reply

14

to discussing out-of-Circuit precedent that suggests that the references to "Mexican cocaine" and "Colombian cocaine" are impermissible.  E.g., United States v. Cabrera, 222 F.3d 590, 594-96 (9th Cir. 2000).  These cases are not Strickland cases.  But, even assuming such characterizations of drugs are impermissible, this does not alter the conclusion that, given the overwhelming evidence of guilt, the outcome of the proceeding would not have been any different if there had been no testimony characterizing the drugs as "Mexican" or "Colombian."

Finally, Romero-Padilla's fourth claim for relief (and his second substantive claim), is, in his own words, as follows:

> A. Counsel did not explain to Petitioner that he would get a longer sentence if he did not accept the Government's plea offer.
>
> B. Petitioner would have accepted the plea offer had he known minimum and possible maximum sentence.

Romero-Padilla has failed to meet his burden of proffering evidence that, but for counsel's improper advice, the petitioner would have accepted the plea offer.  While Romero-Padilla makes reference to a "plea offer" and a "maximum sentence," he fails to provide the requisite "factual specificity" regarding the plea offer, including -- for example -- the terms of the offer.  Puglisi, 586 F.3d at 217-18.  Absent such details, Romero-Padilla has not shown how he was prejudiced by his attorney's

15

alleged failure to advise him properly regarding his sentencing exposure following a guilty verdict.

Romero-Padilla's single response does not alter this conclusion. In his reply, Romero-Padilla argues that because Puglisi predates the Supreme Court's recent decisions in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), he should be granted an evidentiary hearing. To the contrary, Lafler is entirely consistent with Puglisi. The test for prejudice announced in Lafler is consistent with the Puglisi test applied above. See Lafler, 132 S. Ct. at 1385 ("In these circumstances, a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."). Moreover, the Supreme Court recognized that its test was "consistent with the test adopted and applied by other appellate courts without demonstrated difficulties or systemic disruptions," id., citing the Second Circuit's decision in United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998) (per curiam), which was also

16

cited in Puglisi.  586 F.3d at 217-18.  Thus Lafler and Frye do not undermine the cited authority on which this Opinion relies in dismissing Romero-Padilla's fourth claim on the merits.

CONCLUSION

Romero-Padilla's May 24, 2013 petition for a writ of habeas corpus is denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

SO ORDERED:

Dated:    New York, New York
          February 26, 2014

_____
DENISE COTE
United States District Judge